IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**                                                **PLAINTIFF**

**VS.**                                                **CIVIL ACTION: 1:19cv246-LG-RHW**

**JOHNATHAN HUNT,** *et al.*                                                **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the Court on [3] a May 16, 2019 motion for temporary restraining order and preliminary injunction filed by the *pro se* Plaintiff in this prisoner civil rights lawsuit while the case was still undergoing initial screening.  Plaintiff seeks a temporary restraining order or preliminary injunction ordering the Mississippi Department of Corrections (MDOC) and Defendants to provide him medical and mental health treatment; to prohibit Defendants from physically and sexually assaulting him; to prohibit Defendants from retaliating against him by denying him access to the law library, confiscating/destroying his legal files and conducting unnecessary searches to harass him; to prohibit Defendants from housing him with known enemies; and to prohibit Defendants from interfering with, denying, or delaying administrative grievances or retaliating for filing grievances.

When Walker filed this lawsuit he was housed at the Mississippi State Penitentiary at Parchman.  [1-1]   Less than a month later, before the Court had ordered issuance of any process for Defendants, Walker filed the motion now under consideration.   By that time he was at Central Mississippi Correctional Facility (CMCF) in Pearl, MS.   [3-1]   In August 2019, he was back at Parchman [21], and in September he had returned to CMCF [28], which remains his docket address as of the date of this report.   Five of the eight Defendants Walker originally sued were employees at South Mississippi Correctional Institution (SMCI), where Walker has not

been housed since September 2017. By order [9] entered May 29, 2019, the District Judge dismissed the five SMCI Defendants (Miller, Clark, Nelson, Banks and Lockhart) as well as all Walker's claims regarding conditions of confinement at SMCI as he already has a pending lawsuit regarding SMCI: *Walker v. Holloway et al.*, Civil Action No. 1:17cv244-LG-RHW.

In response to the Plaintiff's motion, Defendants point out that the purpose of a TRO is to preserve the status quo and prevent irreparable harm until the Court can hold a hearing for preliminary injunction, and a preliminary injunction is to preserve the status quo during the course of litigation until the Court can hold a trial in the matter. Fed.R.Civ.P. 65. For either, Walker was required to prove (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). See also, *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1058 (1996). A preliminary injunction is an extraordinary remedy, which should be granted only if the moving party has clearly carried the burden of persuasion on all four prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Miss. Power*, 760 F.2d at 621; *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). In this instance, the Court is also bound by the constraints imposed by the Prison Litigation Reform Act (PLRA) since Walker is incarcerated and is proceeding *in forma pauperis*. With respect to relief such as that which Walker seeks in the present motion, the PLRA provides:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.
>
> The court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless--
>     (i) Federal law requires such relief to be ordered in violation of State or local law;
>     (ii) the relief is necessary to correct the violation of a Federal right; and
>     (iii) no other relief will correct the violation of the Federal right.
>
>                         \*\*\*
>
> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C.A. §§ 3626(a)(1)(A), (a)(1)(B), and (a)(2).

      At this point, Walker's lawsuit is against only MDOC Commissioner Pelicia Hall, Mississippi State Penitentiary Superintendent Marshall Turner[1] and MDOC Investigator Johnathan Hunt. The complaint makes broad, conclusory allegations that Defendants have subjected Walker to a "pattern of conduct consisting of sexual assaults, physical assaults, extortion and retaliation and failure to investigate adequately and intimidation solely on account of sexual orientation/sexual preference and race, in denial of rights, privileges and immunities guaranteed … by the constitution of the United States." Walker presents virtually no facts in his motion, leaving the court unable to find he meets the criteria for a TRO/preliminary injunction;

---

1 Turner was allegedly a former SMCI warden. Whether the allegations against Turner are for events at SMCI cannot be ascertained from the pleadings, and the screening/omnibus hearing was continued at Walker's request.

his mere speculation or conclusory allegations of irreparable harm are insufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences*, 710 F.3d 579, 585 (5th Cir. 2013); see also, *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("vague and conclusory allegation that [movant] is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Walker's motion [3] for a TRO and preliminary injunction be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service to serve and file with the Clerk any written objections to this Report and Recommendation, specifically identifying the findings, conclusions, and recommendations to which he objects it. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Responses to objections are due within seven days after service. Failure to timely file written objections bars one from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object, except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 31st day of October 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE