## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DEMARIO DONTEZ**                                              **PLAINTIFF**
**WALKER, #L1625**

**v.**                                              **CAUSE NO. 1:19-cv-246-LG-RPM**

**JONATHAN HUNT, et al.**                                      **DEFENDANTS**

### MEMORANDUM OPINON AND ORDER ADOPTING REPORT AND RECOMMENDATIONS IN PART AND IMPOSING SANCTIONS

**BEFORE THE COURT** are the [260] Report and Recommendations entered in this matter by Magistrate Judge Robert P. Myers, Jr. on July 12, 2022.  In it, he recommends that Plaintiff's *in forma pauperis* status be revoked and that he be sanctioned for his notorious and extensive history of meritless litigation in this and other Districts.  Plaintiff has filed Objections.  For reasons set forth more fully below, the Court adopts the Report and Recommendations in part and agrees that Plaintiff's IFP status should be revoked.  Further, Plaintiff shall be barred from filing any additional complaints or other initial pleadings in the United States District Court for the Southern District of Mississippi unless he receives advance written permission to file such pleading by a judge in this District.

### BACKGROUND

This lawsuit is one of at least five dozen filed by Plaintiff and serial litigant, Demario Dontez Walker, since 2003.[1]  (R. & R., at 3-4, ECF No. 260).  The

---

[1] The Magistrate Judge counts "more than 60 lawsuits since 2003."  (R. & R., at 3, ECF No. 260).

Magistrate Judge chronicles Plaintiff's history with the courts of this state, describing him as "a seasoned litigator incarcerated almost continuously since at least 2003."[2]  (*Id*.).  He has received at least nine strikes in the course of filing and prosecuting these lawsuits.  (*Id*. at 4).

The Magistrate Judge describes how the nature and content of Plaintiff's allegations have changed over the years.  Initially, Plaintiff "alleged common Section 1983 claims, such as conditions of confinement claims" (*id*. at 4) (listing cases), but these allegations began to morph after Plaintiff accumulated three strikes and suffered revocation of his IFP status in several lawsuits.  (*Id*.) (listing cases).  Around that time, Plaintiff encountered the three-strikes provision contained in 28 U.S.C. § 1915(g) as well as its "imminent danger" exception.  (*Id*.).

In 2009, Plaintiff began to bring "shocking and disturbing allegations of sexual assault and sex slavery against a rotating cast of prison officials" to overcome the § 1915(g) imminent danger requirement.  (*Id*. at 5).  The Magistrate Judge documents Plaintiff's extensive history of dubious sexual assault allegations. (*Id*.) (collecting cases in which Plaintiff "allege[s] that numerous prison officials are sexually assaulting him and pimping him out in a prison sex slavery ring").  The action currently before the Court is but one instance of the kind.

The Complaint in this action was filed by Plaintiff in April 2019 against a slew of prison officials, who are allegedly liable for "subject[ing] Plaintiff and others

---

[2] He "has offered professional legal services through a company called Walker Legal Clinic LLC."  (*Id*.).

to a pattern of conduct consisting of sexual assaults, physical assaults, extortion and retaliation and failure to investigate adequately and intimidation." (Compl., ¶ 9, ECF No. 1). Plaintiff explicitly invokes the imminent danger provision, representing that he "has been victim of ongoing violence and beatings and sexual assaults at MDOC." (*Id.* at 4). Thereafter, over the lengthy and winding procedural history of this lawsuit, which need not be recounted here, Plaintiff has filed more than 65 motions in this case, including a large number of what the Magistrate Judge rightly labels "meritless" and "patently frivolous" filings. (R. & R., at 6, ECF No. 260).

The Magistrate Judge focuses particularly on a sequence of motions filed by Plaintiff in this case seeking to modify the case caption and change his name to "Kiriyama Zyreonia San Givonni." (*Id.* at 6-7). To his original Motion Plaintiff attached what was ostensibly a legitimate order of the Lafayette County Chancery Court authorizing his name change. (Order, ECF No. 143) (citing Chancery Court Order, ECF No. 140-1). The Magistrate Judge, "[r]elying heavily on the chancery court order[,] . . . hesitantly granted" Plaintiff's motion to modify the case caption. (R. & R., at 7, ECF No. 260). Later, however, "the chancery court rescinded its earlier order after discovering that Walker defrauded it to obtain a name change" (*Id.*), causing the Magistrate Judge to vacate his order and revert the case caption to its original form. *See Walker v. Hunt*, No. 19CV246-LG-RPM, 2021 WL 6048911, at *3 (S.D. Miss. Dec. 20, 2021). The Magistrate Judge exemplifies Plaintiff's litigation habits with the following observation: "Walker generated five motions,

-3-

three Orders, and several motion responses to merely change the case caption with an order obtained through fraud." (*Id.*).

Following the discovery of Plaintiff's fraud, the Magistrate Judge "reviewed several of Walker's past filings to determine whether this was an isolated incident," paying "special attention to Walker's out-of-state filings." (*Id.*). The result is the [260] Report and Recommendations currently before the Court. In it, the Magistrate Judge cites several cases in which Plaintiff made material representations to other courts around the country. (See id. at 7-8) (citing, *inter alia*, *Walker v. United States*, No. 08CV3025(ENV)(LB), 2008 WL 3851589, at *1 (E.D.N.Y. Aug. 18, 2008); *Walker v. United States*, 298 F. App'x 383, 384 (5th Cir. 2008); *Walker v. Mobile Cty. Clerks*, No. 1:09CV501-CG-C (S.D. Ala. Aug. 5, 2009); *Walker v. United States*, No. 4:08CV1555 (S.D. Tex. July 2, 2008); *Walker v. Las Vegas Co. Clerks*, *et al.*, 2:08CV1602-RLH-LRL (D. Nev. Nov. 17, 2008)). Many of these lawsuits misrepresent the extent of Plaintiff's litigation history or assert false whereabouts at times in which Plaintiff was incarcerated.

Hence, the Magistrate Judge recommends that Plaintiff be sanctioned for the aforementioned behavior. (*See generally* R. & R., ECF No. 260). Plaintiff asked for two extensions of time to respond or object to the Report and Recommendations. (*See* Mots., ECF Nos. 261, 263). The Court granted each Motion in time, extending the deadline to October 4, 2022. Plaintiff filed [266] Objections on October 3. He also filed two [264] [268] Motions for the Court to Accept Previously Submitted Objections, referencing proposed Objections accompanying one of Plaintiff's

-4-

requests for an extension.  (*See* Proposed Obj., ECF No. 261-2).[3]  The Court will consider both these Objections in rendering its decision as to the appropriate sanction for his behavior in this and other lawsuits.

## II.   Sanctions

### A.   Revocation of Plaintiff's IFP Status

First, the Magistrate Judge recommends that Plaintiff's IFP status be revoked, primarily because he "has failed to provide *any* corroborative documentary support for his allegations."  (R. & R., at 11, ECF No. 260) (emphasis in original). Plaintiff was granted "an opportunity to corroborate his Complaint allegations with documentary support" (*Id.* at 10), but he responded with nothing more than "his own statements," a Prison Rape Elimination Act ("PREA") filing determining that his allegations are "unsubstantiated," and vague and conclusory affidavits of fellow inmates, even where he "was allowed to conduct—and received—extensive discovery in this case."  (*Id.* at 11).  Second, and alternatively, the Magistrate Judge reasons that Plaintiff's IFP status should be revoked because he has committed a fraud on the Court in the form of the rescinded chancery court order.  (*Id.* at 12-13).  Plaintiff has objected to both lines of reasoning.

---

[3] Plaintiff also filed a [265] Motion for a Copy of the Report and Recommendations on October 3, 2022.  Plaintiff already requested this relief in an earlier [263] Motion, at which time the Court noted that "the record reflects that a copy of the Report and Recommendations were mailed to Plaintiff on 7/12/2022."  (*See* Text Only Order, Sept. 20, 2022).  This remains true, and the content of Plaintiff's filings in response to the Report and Recommendations evinces familiarity with the document.  The Motion is denied for the reasons stated in the September 20, 2022 Text Only Order.

With respect to the first rationale for revoking his IFP status, Plaintiff objects that "Defendants did not produce any requested documents," but he does not substantiate this accusation. (*See* Proposed Obj., at 1, ECF No. 261-2). To the contrary, the record reflects that Plaintiff has received voluminous discovery responses in this matter. (*See* Not. Serv. Def.'s Responses to Discovery, ECF Nos. 174-182). Further, Plaintiff omits any evidence which the Magistrate Judge purportedly overlooked in rendering his decision. Rather, Plaintiff relies on unsupported restatements of his own allegations and does not seriously call the Magistrate Judge's conclusions into question. Plaintiff also "suggest[s] that the district court simply find Plaintiff was in imminent danger at the time of filing or as the Court did in *Walker v. Perry* USDC No. 1:20CV0302-HSO-RHWR hold an evidentiary hearing on the imminent danger issue." (*Id.* at 5). Elsewhere, Plaintiff argues that "the plaintiff's version of the facts . . . must be accepted as true" and that "the magistrate cannot state to any degree of factual certainty that (1) The events alleged did not occur as stated. (2) The plaintiff was not in imminent danger at the time of filing." (Obj., at 1, ECF No. 266).

However, Plaintiff is incorrect on both counts. First, the Court need not accept the Complaint's presentation of the facts as true in revoking his *in forma pauperis* status under 28 U.S.C. § 1915(g). *See Watts v. Pickett*, No. 5:17CV38-DCB-MTP, 2018 WL 1865175, at *2 (S.D. Miss. Apr. 18, 2018) ("Courts routinely revoke tentatively-granted IFP status when facts developed post-complaint show that the plaintiff was not in imminent danger on the date he filed suit."). Second, the Court

can locate no authority entitling Plaintiff to an evidentiary hearing.  *See Cruse v. Miss. Dep't of Corr.*, No. 4:17CV162-DAS, 2020 WL 592331, at *1 (N.D. Miss. Feb. 6, 2020) ("If a defendant contests a plaintiff's claims of imminent danger, the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing.") (citing *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010)).  Here, beyond the *Spears* hearing on January 16, 2020, the Court gave Plaintiff ample opportunity to provide evidentiary support for his allegations. (*See* Order, ECF No. 247).  Plaintiff submitted affidavits and other materials in response, upon which the Magistrate Judge based his conclusion.  Plaintiff cites no authority that he is entitled to a hearing.

With respect to the second rationale for revoking his IFP status, Plaintiff claims that the chancery court order was rescinded based on objections made by the Mississippi Department of Corrections (MDOC) "due to residence requirements," allegations to which he claims he was not "allowed to respond."  (Proposed Obj. ,at 1-2, ECF No. 261-2).  However, Plaintiff fails to elaborate or provide any argument at all in this respect; he does not demonstrate how the chancery court erred, how he would have responded to MDOC's ostensibly untrue allegations, or any other justification at all for his conduct.  With nothing beyond Plaintiff's insistence that the chancery court erred in rescinding his fraudulently obtained order, the Court must resolve the issue against Plaintiff.  Hence the Court finds that this sanction is warranted for both reasons cited by the Magistrate Judge in his Report and

Recommendations. Plaintiff's IFP status shall be revoked, and he is ordered to pay the filing fee within 30 days or suffer dismissal of his lawsuit.

### B.   Restriction on Future Complaints

Second, to mitigate any future misconduct, the Magistrate Judge specifically recommends the imposition of Judge Davidson's forward-looking sanction from *Walker v. Turner*, 4:18CV48-GHD-DAS, 2019 WL 1460888 (N.D. Miss. Apr. 2, 2019). In *Turner*, Judge Glen H. Davidson observed Plaintiff's "pattern of filing innumerable cases and a flurry of documents in each case," which "has continued unabated for years." *Id.* at *3. After reviewing Plaintiff's litigation history,[4] he dismissed the lawsuit as vexatious and sanctioned him with a pre-filing injunction that requires Plaintiff to provide documentary evidence in support of future lawsuits. *Id.* at *8.

Plaintiff objects that he "'must' be given adequate notice and an opportunity to oppose the order." (Proposed Obj., at 3, ECF No. 261-2) (describing the Magistrate Judge's recommended sanction as "a vexatious litigant order" and complaining that he "has not had an opportunity to be heard on whether or not a vexatious litigant order should be issued"). The Court agrees that Plaintiff is to be afforded an opportunity to object to the sanction. *See Kenyon Int'l Emergency Servs., Inc. v. Malcolm*, No. 12-20306, 2013 WL 2489928, at *6 (5th Cir. May 14, 2013) (holding that "'even that type of sanction [under the inherent power] requires

---

[4] The Magistrate Judge also offers an extensive account of Plaintiff's repeated abuse and defrauding of this and other courts. (R. & R., at 3-9, ECF No. 260).

notice and an opportunity to respond'") (quoting *Corley v. Rosewood Care Ctr., Inc.*,
142 F.3d 1041, 1059 (7th Cir. 1998)).  Of course, Plaintiff *has* been afforded such
notice and an opportunity to respond.  The Report and Recommendations clearly
notify Plaintiff of the factual basis for the proposed sanction and informs him of his
right to object to these findings and conclusions of law.  (*See* R. & R., at 16-17, ECF
No. 260).  To that end, Plaintiff did in fact file [266] Objections as well as two [264]
[268] Motions for the Court to "accept" proposed Objections attached to another
document.  Plaintiff's desire to "oppose such an order" has been satisfied.  Yet,
beyond his bare demand to be heard, Plaintiff does not attempt to justify or explain
his abusive and malicious filing history in a way that seriously questions the
recommended sanction.

Federal courts have inherent authority to "impose a pre-filing injunction to
deter vexatious, abusive, and harassing litigation," under the appropriate factual
circumstances.  *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir.
2008).  A court is empowered to wield its inherent power when it finds that an
individual has abused process by filing repetitive, frivolous lawsuits that
overburden the court.  The Magistrate Judge advances a strong and well-developed
case that this forward-looking sanction should be imposed to separate the wheat
from the chaff with respect to Plaintiff's filings.  He recommends that Walker "be
required to plead the 'who, what, when, where, and how' in any future lawsuit" (R.
& R., at 15, ECF No. 260) (citing *United States ex rel. Colquitt v. Abbott Labs.*, 858
F.3d 365, 371 (5th Cir. 2017)), and be required to "provide some specific

documentary support for his claims." (R. & R., at 15, ECF No. 260) (citing *Turner*, 2019 WL 1460888, at *4).

However, the Court finds that judicial preapproval of future lawsuits is the most effective means of filtration. A court may impose sanctions including, but not limited to, refusing to allow an individual to file any additional complaints in the district court without first obtaining leave to do so. *See, e.g.*, *Tribbit v. Ward*, 81 F.3d 156 (5th Cir. Feb. 29, 1996) (barring the litigant from filing any future appeals or initial civil pleadings in any court without first obtaining permission from a judge); *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1988) (barring future appeals unless certified by judge). The Magistrate Judge cites further precedent for this sanction. *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994) (upholding sanction requiring court preapproval after prisoner filed 15 meritless lawsuits); *Ceasar v. Holt*, 245 F. App'x 396 (5th Cir. 2007) (upholding court preapproval sanction where plaintiff filed five previous lawsuits summarily resolved in defendants' favor); *Mayfield v. Collins*, 918 F.2d 560 (5th Cir. 1990) (upholding sanction imposed after litigant's thirty-eighth complaint). The Court finds that this sanction is justified by the sheer volume of abusive, recreational, fraudulent, or frivolous litigation that Plaintiff has produced over his almost two decades of incarceration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [260] Report and Recommendations are **ADOPTED IN PART** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's *in forma pauperis* status be **REVOKED.**  Plaintiff is ordered to pay the filing fee within 30 days or face dismissal of this lawsuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court is directed to refuse to file any future complaints or initial civil pleadings of any kind from Demario Dontez Walker unless that pleading is accompanied by advance written permission from a district or magistrate judge of this Court granting him leave to file that pleading.

**SO ORDERED AND ADJUDGED** this the 14th day of November, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE